Filed 06/04/21

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 636-11-18 Wncv

---

Black et al vs. Black

---

*Entry regarding the Scope of the Hearing on the Merits*

In this case, Appellants Jonathan Black and Elizabeth Black have sought de novo review of several orders of the probate court related to the guardianship of their mother, Virginia Black.  This case is set for a hearing on the merits on June 15, 2021.  An order entered on December 22, 2020, reflected the court's understanding that the issue of termination of the guardianship is at issue in this case as well as the selection of guardian.  Deborah Black, through counsel, in a pre-trial memorandum filed on May 27, 2021, indicated her understanding that the scope of this appeal does not include the question of termination as the court (prior term) has already so ruled.  The court was unaware of the earlier ruling until Deborah's May 27 filing.  To ensure that the parties have ample notice, the court now clarifies this issue as follows.

In 2016, the probate court found Virginia in need of guardianship and, eventually, all parties agreed to the appointment of a particular guardian, an extended family member not currently involved in this case.  In 2018, he sought to withdraw.  On August 15, 2018, a hearing was held to consider his withdrawal and the appointment of a successor guardian.  On September 5, 2018, Elizabeth filed a motion to terminate the guardianship, asserting that Virginia's condition had improved, and she no longer needed it.  The issue of termination had not been raised prior to the August 15 hearing.

On October 3, 2018, the probate court issued an order reflecting that the prior guardian's withdrawal had been approved at the August 15 hearing, which then was *exclusively* dedicated to the selection of the successor guardian.  The October 3 decision in fact appointed Susan Buckholz, Esq., as successor guardian and she remains so to date.  The issue of termination is not addressed in the decision.

Also on October 3, the probate court checked a box on a form entry to indicate that the motion to terminate was denied.  Text on the entry merely refers the reader to the decision appointing the successor guardian and offers no other reason for denying the termination motion.  The termination motion was never acted on otherwise by the probate court.

Order
636-11-18 Wncv Black et al vs. Black

Page **1** of **3**

Jonathan and Elizabeth then appealed numerous issues to the civil division (this case). Their pleadings were confusing, however, and the court addressed the scope of appeal at a lengthy status conference on May 28, 2019. At that status conference, Elizabeth clearly indicated her intent that the issue of termination not only was part of the appeal but that it was her principal concern. With little explanation, Deborah indicated her view that the issue was not before the court on appeal, and no one else took a position on the matter.

The court addressed issues that arose at the status conference in a written decision filed on June 24, 2019. The court took the position that the issue of termination is outside the scope of appeal because Elizabeth filed the termination motion after the August 15 hearing in probate court. The court indicated that Elizabeth could file a new termination motion in the probate court should she wish to pursue the matter. Although the probate court had not provided any explanation for not addressing the substance of the termination motion, this court inferred that the motion was intended only as seeking relief related to the August 15 hearing, that it did not properly request such relief since that matter was not addressed at the hearing, and thus was not properly appealed.

Courts are empowered to revise their interlocutory rulings in appropriate circumstances. Despite this, except in unusual circumstances, when a prior judge issues an interlocutory order, the law of the case doctrine normally counsels in favor of a successor judge not revising the prior judge's rulings in deference to the prior judge and to avoid inviting so-called horizontal appeals. See *Myers v. LaCasse*, 2003 VT 86A, ¶ 12, 176 Vt. 29; *Morrisseau v. Fayette*, 164 Vt. 358, 363–64 (1995). The court does not apply these rules inflexibly simply to perpetuate clear error, however.

Jonathan and Elizabeth clearly appealed the probate court's denial of the termination motion, and this court so ruled in its June 24, 2019, decision. The probate court offered no explanation for denying that motion. On appeal, upon concluding that the issue of termination was included in the notice of appeal, the civil division lacked any discretion to nevertheless limit the scope of the appeal to exclude that issue.

No doubt, it would have been more efficient for Elizabeth to have sought termination earlier so that it could have been considered on the evidence at the hearing addressing guardian selection. However, no statute or court order limited the timing of her filing of that motion, and nothing permitted the probate court to simply not address its substance because a hearing addressing a different matter already had been held. The scope of review in this court is determined by the notice of appeal and statement of questions, and Jonathan and Elizabeth's filings include the issue of termination. Moreover, the court's review is de novo. It does not depend on the substance of the lower court's rulings.

The court rescinds so much of its June 24, 2019, order as addresses this issue. The scope of this appeal properly includes the matter of termination. The matter of termination will be addressed on the evidence at the June 15, 2021, hearing on the merits. The court clerk shall provide notice to Kim Allshouse, who conducted the most recent guardianship evaluation, to ensure her availability to testify on June 15. Her report will be subject to admission after objections are heard. As it was ordered by the court under statute it will be Court's exhibit A.

The court will also take evidence related to the appeal of the fees allowed in 2020. (Not what has already been resolved.



Robert R. Bent,
Judge

So Ordered